(Decided July 20th, 1858.)

---

# FREDERICK COWMAN *vs.* THE STATE.

Objections to an indictment, that the act charged against the traverser is no offence within the true meaning of the law under which the indictment was framed, and that the law itself is unconstitutional, are *subjects of demurrer*, and, since the act of 1852, ch. 63, can be raised by a demurrer to the indictment, and in no other way.

ERROR to the Circuit Court for Anne Arundel county.

The plaintiff in error was indicted under the same law as the party in the preceding case, the indictment charging that the traverser "within the corporate limits of the city of Annapolis, *did give* a certain quantity of spirituous or fermented liquor, to wit," &c., to a person "who was then and there a minor, under the age of twenty-one years, and who did not then and there have a written order from his, the said minor's, parents and guardian, authorizing the said giving of the said quantity of spirituous or fermented liquor as aforesaid, contrary to the form of the act of Assembly," &c. The plea was *non cul,* and upon the rendition of a verdict of guilty, the traverser moved in arrest of judgment.

1st. Because the evidence in this case clearly showed that the traverser went into a public bar-room, in the city of Annapolis, and invited two minors, under the age of twenty-one years, there present, to drink, which they did, and the traverser paid for what they so drank; that the traverser is not a party

Cowman *vs.* The State.

licensed to sell liquor, and is not engaged in any business of trading in merchandize, and he submits and insists that such an act is no offence, within the true and proper construction of the act of 1858, ch. 55, upon which this indictment is framed.

2nd. Because after the argument of the case before the jury, by the counsel for the traverser, who had argued to them that the act of 1858 was unconstitutional and void, as being in violation of the constitution of this State, the court gave an opinion, and told the jury that the counsel for the traverser had no right to argue to them that said law was unconstitutional, and that the jury had no right to consider the question of its unconstitutionality.

3rd. Because the act of 1858, upon which this indictment was framed, is unconstitutional and void, and no valid judgment can be rendered by the court upon the verdict of the jury in this case.

The court (BREWER, J.,) overruled the motion, and imposed the fine prescribed by the law in question, and to correct this judgment, the traverser sued out the present writ of error.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Jas. S. Franklin* and *Thos. G. Pratt* for the plaintiff in error, relying upon the same positions in regard to the unconstitutionality of the law, and the right of counsel to argue that question to the jury, as in the preceding case, argued further:

That the traverser in this case not being licensed to sell liquor, and not being engaged in any business of trading in merchandize, was guilty of *no offence*, within the true and proper construction of the act of 1858, ch. 55. The law was intended to apply to those who sold or disposed of liquor in the *way of trade;* the words "whether licensed to sell or not," mean, that where an *unlicensed* party sells in the way of trade, the State shall not be restricted to a prosecution for selling *without license*, but may proceed under this act, which imposes a heavier penalty. The word *"give,"* was inserted to prevent

the evasion of the law, where the proof fails to show a *purchase*. The Sunday law of 1847, ch. 193, uses the general language, "any person or persons," and yet the Court of Appeals have confined its operation to *licensed* tavern-keepers and retailers. *Bode vs. The State*, 7 *Gill*, 326. The 2nd sec. of that act, relied upon by the court, is analogous to the 8th sec. of this. The court, in that case, also relies upon the *forfeiture of the license* for a second offence. The 2nd sec. of this act also provides for the suppression of the license, and the 4th, 6th and 8th secs. clearly indicate that the act was designed to operate only upon those who traffic in liquor. A contrary construction would lead to *absurd consequences*, which are to be avoided in the construction of statutes. *Dwarris on Statutes*, 756. The mischief and the remedy must be considered, and cases out of the *mischief* are out of the *purview*, though within the *language* of the statute. *Dwarris*, 692, 697, 698, 724. By our constitution, the *title* is made a material part of the act, and where the *text* is doubtful, recourse must be had to the title. The construction must be upon the entire statute, and where different parts conflict, that construction must be adopted which will render them harmonious. 5 *Md. Rep.*, 485, *Alexander vs. Worthington*. *Dwarris*, 699, 700, 739, 762, 763. 3 *Kelly*, (*Geo. Rep.*,) 152, *Ezekiel vs. Dixon*. So much of the act as is not expressed in the title is inoperative and void. 7 *Md. Rep.*, 151, *Davis vs. The State*. 4 *Geo. Rep.*, 38.

*James Revell*, State's Attorney for Anne Arundel county, for the State:

The traverser did not *demur* to the indictment, and the judgment upon it cannot, by the express language of the act of 1852, ch. 63, be "*stayed* or *reversed*" for "any matter or cause which might have been a subject of demurrer to the indictment." All the objections now urged in behalf of the traverser, in regard to the unconstitutionality of the law, and its non-application to *his case*, even if they were admitted to be valid, as they are not, were subjects of *demurrer* to the indictment, and could only be taken advantage of in *that mode*.

LE GRAND, C. J., delivered the opinion of this court.

In this case there is no question before us. The traverser did not demur to the indictment. He had the right to have done so, and if he had exercised it, he would have had an opportunity to have shown, if such was the case, that the act charged against him was, in point of law, no crime whatever. Not having demurred, we cannot relieve him, being prohibited from doing so by the positive language of the act of 1852, ch. 63. Its second section declares, "That no indictment or presentment for felony or misdemeanor shall be quashed, nor shall *any* judgment upon any indictment for felony or misdemeanor, or upon any presentment, whether after verdict, by confession, or *otherwise*, be stayed or reversed," for certain specified causes, "*nor for any matter or cause which might have been a subject of demurrer to the indictment.*" The matters now invoked in behalf of the appellant, were matters of demurrer, and as no demurrer was interposed, we cannot stay or reverse the judgment.

*Judgment affirmed.*