## Wes Smith v. The State.

### No. 4575. Decided February 17, 1909.

**1.—Same—Keeping Disorderly House—Former Acquittal—Intoxicating Liquors.**

Upon trial of keeping a disorderly house in which spirituous, etc., liquors were sold, etc., alleged to have been committed in the year 1908, a plea of former acquittal for similar offenses during the year 1907 was no defense, and the court correctly instructed the jury as a matter of law to find against defendant on the plea of former acquittal.

**2.—Same—Evidence—Lessee—Lease—Tenant at Will.**

Where upon trial for keeping a disorderly house, it became a question whether defendant held over the alleged premises as lessee and a tenant at will, there was no error to admit in evidence the original lease and the several renewals thereof, in connection with other testimony to show defendant's connection with the house in question.

**3.—Same—Precedent.**

See opinion reaffirming the doctrine laid down in the case of Joliff v. State, 53 Texas Crim. Rep., 61.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of keeping a disorderly house in which spirituous, vinous and malt liquors were sold and kept for sale without license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was tried in the County Court of Grayson County on a charge that he unlawfully kept and was concerned in keeping a disorderly house, in which spirituous, vinous and malt liquors were sold and kept for sale without a license first having been obtained under the laws of this State. He was convicted and his punishment assessed at a fine of $200 and twenty days imprisonment in the county jail.

1. When the case came on for trial, in addition to his plea of not guilty, he interposed a plea of former acquittal for the same offense. This plea was to the effect, in substance, that in causes Nos. 11598 and 11599, pending in the County Court of Grayson County, prosecutions were pending against him for the same transaction and offense as that with which he is charged in this cause, and that he had been theretofore, to wit: 31st day of March, and 1st day of April, 1908, legally acquitted of the offense here charged against him in a court of competent jurisdiction, and that he ought not to be prosecuted for said offense. Attached to the plea are copies of the indictments in the above causes. It was agreed and the bill recites that he was acquitted in these cases. The proof, however, shows that the transaction involved in the cases in which he was acquitted and the indictments averred that the charge related to matters occurring during the year 1907. It is evident, therefore, that the matters on which the indictment rested in this case which were alleged to have occurred in February, 1908, could not have been the subject matter of investigation, and that

he could neither have been convicted nor acquitted of an offense covering the time alleged in the indictment herein. Under the facts the court instructed the jury as a matter of law to find against appellant; and in this there was no error.

2. Complaint is made of the admission in evidence of certain leases by which the State sought to connect appellant as a lessee and tenant of the house in question, and showing his ownership and control thereof. The original lease introduced in evidence bore date February 8, 1904, and was in brief a contract between W. L. Bitting, administrator of the estate of John A. Bitting, and one W. A. Curry, by the terms of which Bitting as administrator, leased to Curry the building in question from the 21st day of February, 1904, to December 4, 1904, for a rental of seventy-five dollars per month. This lease was thereafter renewed by Curry for a term of one year, expiring December 31st, 1905, and was on December 21, 1905, renewed in these terms by Curry and appellant: "It is mutually agreed that this lease contract be and the same is hereby renewed and extended until December 31, 1906, on the same terms and conditions therein set forth." A practically similar extension was signed by Curry and appellant on December 4, 1906, whereby said lease was renewed and extended until December 31, 1907. This lease and the several renewals thereof were objected to by appellant on the ground that the renewal of said contract was out of date, and was not within the time charged in the indictment that the offense was committed; that the contract and the renewal on the same does not show of itself that the defendant (Wes Smith) was either a tenant or lessee of said building; that the introduction of this contract was irrelevant and immaterial, and prejudicial to the rights of the defendant, and did not tend to prove an issue in the case. That the contract and renewal shows that it expired in December, 1907, and the defendant is charged with keeping the house on the 10th day of February, 1908, which was long after the expiration of the contract. These objections were overruled and the lease, with the several renewals thereon, admitted. In qualifying the bill the court makes the following explanation and statement: "That the witness Bitting testified that part of the time the defendant, Wes Smith, in person paid him the rent on said building; that part of the time during the year, 1907, it was handed to him by the parties, and that part of the time the payment was by check endorsed by the defendant Wes Smith; that he had no other rental contract with any person on said building." Bitting in his testimony further states: "As to who stayed there in that building during business hours of February of this year, I do not think I could give any positive information in regard to that. I have seen the defendant about that place during the month of February. I could not answer the question. I do not remember whether I saw him there in February or not. I do not know

who had been paying the rent on the building at that time, in February. Mr. Smith had been paying me the rent, but whether he paid it in February I do not know."

It was shown that the Merchants and Farmers Club (S. U. Smith, President), had a retail liquor dealer's license in Sherman, at the address of the house in question, dated July 10, 1907, and running one year.

In addition to the statement above set out, Bitting also testified, as follows: "There was no other written contract between myself, as administrator of the Bitting heirs, and the defendant with reference to that property that I know of. If the defendant has moved out of the building, after December 31, 1907, I do not know it. He has never moved since that time that I know of. There was nothing said between me and the defendant with reference to this lease after the 31st of December, 1907. Part of the building was occupied as a cigar stand and. is so occupied at this time. It was part of the contract when I made the contract. My understanding is, that it was occupied that way all of the time."

We think there is no doubt that the lease and the several renewals thereof were admissible in evidence, in connection with the other testimony to show the connection of appellant with the house in question. The testimony of Bitting makes it clear that there had been no change in the occupancy of said house or the nature of the business transacted by him. He had not leased it to any one else. Therefore, if appellant held over he would be presumed and held to have occupied, at least as a tenant at will, such relation to the building as lessee or tenant as would bring him within the terms of the statute. We think it clear, therefore, that there was no error in the action of the court in admitting this testimony.

There are a great number of other questions raised on the appeal, but they are practically all decided adversely to appellant's contention in the case of Joliff v. State, 53 Texas Crim. Rep., 61; 109 S. W., 176, which at the time was exhaustively investigated and carefully considered, and is, as we believe, a correct enunciation of the law on this matter.

Finding no error in the action of the court below, the judgment is in all things affirmed.

*Affirmed.*