CLARENCE McCURDY *v.* STATE OF MARYLAND.

*Criminal Law—Appeal—Motion in Arrest—Grounds Available on Demurrer—No Penalty Prescribed for Offense.*

No appeal lies from the grant or refusal of a new trial. p. 440

The objection that no penalty is provided by statute or the common law for the offense alleged is the subject of demurrer to the indictment, and can consequently, under Code, art. 27, sec. 533, not be made the basis of a motion in arrest of judgment.

pp. 440, 443

Since Acts 1916, ch. 30, prohibiting the sale and manufacture for sale of intoxicating liquor, in force in Washington County, provides by way of penalty for its violation only such penalties as had been or might thereafter be prescribed by the Legislature for such offenses, one violating such statute cannot be sentenced under the common law.                    pp. 442, 443

*Decided November 12th, 1926.*

Appeal from the Circuit Court for Washington County (WAGAMAN, J.).

Criminal proceeding against Clarence McCurdy. From a judgment of conviction, he appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Scott M. Wolfinger* and *A. S. Mason,* for the appellant.

*Thomas H. Robinson, Attorney General, John Hubner Rice, Assistant Attorney General,* and *Ellsworth R. Roulette, State's Attorney for Washington County,* for the State.

DIGGES, J., delivered he opinion of the Court.

The appellant was indicted jointly with Harry L. Carpenter on the 16th of February, 1926, by the grand jury for Washington County, the indictment containing three counts. The first count charged that the appellant and Harry L. Carpenter, on February 5, 1926, "did unlawfully sell, dispense and otherwise dispose of, a certain quantity of alcoholic, spirituous, vinous, fermented, distilled and malt liquors and intoxicating bitters which will produce intoxication, to Cleveland D. Jarvis." The second count is identical with the first, except the person to whom sale or disposition is made is stated to be "John Doe, a person unknown to the jurors." The third count charged that the

appellant and Harry L. Carpenter did unlawfully manufacture for sale the substances or things enumerated in the first count of the indictment. At the trial a bill of particulars was demanded of and furnished by the State; subsequently the State abandoned the first count and the appellant entered a plea of not guilty to the remaining counts. The jury by its verdict found "Clarence McCurdy guilty on the third count and not guilty on the second count; Frank L. Carpenter not guilty." The appellant filed a motion for new trial and in arrest of judgment. These motions were overruled by the court, and the appellant sentenced to pay a fine of $500 and be imprisoned in the Maryland House of Correction for the period of one year. From the verdict and judgment this appeal is taken.

The action of the lower court in overruling the motion for new trial need not be adverted to, further than to say that this question was within the discretion of the court, from whose action in granting or refusing the motion no appeal lies. The only question for decision, therefore, is the correctness of the action of the lower court in overruling the motion in arrest of judgment. The reasons assigned in the motion, which are relied on for a reversal in this court, are "Because no judgment can be pronounced by the court, under the law, on the verdict in this cause," and "Because no penalty is established or provided by law as the basis for a judgment upon the verdict of the jury, in this cause." The two constitute, in effect, one, and will be considered together. The State contends, in support of the action of the lower court, that the question sought to be raised was the subject of demurrer to the indictment, and if so, cannot be made a basis of a motion in arrest of judgment.

Section 533 of article 27 of the Code provides: "No indictment or presentment for felony or misdemeanor shall be quashed, nor shall any judgment upon any indictment for any felony or misdemeanor, or upon any presentment, whether after verdict, by confession or otherwise, be stayed

or reversed * * * for any matter or cause which might have been a subject of demurrer to the indictment, inquisition or presentment."

The above section has been construed by this Court and upheld in a long line of cases, beginning shortly after 1852, at which time the act in question was passed. *State v. Phelps,* 9 Md. 21; *Kellenbeck v. State,* 10 Md. 431; *State v. Reed,* 12 Md. 263; *Cowman v. State,* 12 Md. 250; *Davis v. State,* 39 Md. at 385; *Cearfoss v. State,* 42 Md. at 405; *Dorsey v. State,* 48 Md. at 177; *Hawthorne v. State,* 56 Md. at 533; *Blum v. State,* 94 Md. at 378; *Cochrane v. State,* 6 Md. 400. Upon these authorities, it is the settled law of this state that nothing can be made the basis of a motion in arrest of judgment which is the subject of demurrer.

We now come to consider whether or not the objection urged in this case as the basis for the motion in arrest of judgment is a subject of demurrer to the indictment. The appellant was indicted under the provisions of chapter 30 of the Acts of 1916, which submitted to the qualified voters of a number of the counties of the state, including Washington County, the question of whether or not the sale, manufacture for sale, and transportation for sale of intoxicating liquors etc., should be prohibited in the respective counties or localities specified in the act. The statute further provided that should a majority of the qualified voters, participating in the election therein provided for, determine in favor of prohibition, "on and after the first day of May, 1918, it shall be unlawful for any person, persons, social club, firm or corporation to manufacture for sale, sell or purchase for sale, transport for sale, dispense or otherwise dispose of any alcoholic, spirituous, vinous, fermented, distilled or malt liquors or intoxicating bitters or liquid mixtures or preparations, whether patented or not, which will produce intoxication in such political unit or units so voting for prohibition"; and further, that "any person, persons, social club, firm or corporation manufacturing, selling, transporting, dispensing or disposing of any alcoholic, spirituous,

vinous, fermented, distilled or malt liquors within such political unit or units so voting for prohibition shall be liable for all the penalties now or hereafter prescribed for manufacturing, selling, dispensing or disposing of alcoholic, spirituous vinous, fermented, distilled, malt and intoxicating liquors without a license." Washington County was one of the units named in the act wherein a majority of the qualified voters decided for prohibition.

The appellant was convicted of manufacturing for sale intoxicating liquors in Washington County. His contention is that there was not, at the time of the enactment of this legislation or at the time of his indictment, trial, and conviction, any law applicable to Washington County providing a penalty for the manufacture of intoxicating liquor without a license; and this contention is admitted to be the fact. The appellant was charged with the knowledge of this fact as fully at the time of the indictment rendered as after his conviction and sentence, but he contends that there is no statutory penalty provided for the violation of that portion of the statute prohibiting the manufacture of liquor in Washington County. If this contention be sound, it was the proper subject of a demurrer to the indictment. If an indictment contains allegations which constitute an offense, for which no penalty is provided by the statute or common law, the proper method of raising the question relied upon is by demurrer, and if the accused fails to pursue this method, and proceeds with the trial, resulting in a conviction and sentence, he cannot then raise the point by a motion in arrest of judgment. It is further contended by the appellant that although there was no statutory penalty provided in this case, nevertheless, he could be sentenced under the common law, as in cases of statutory offenses not providing for any penalty. There would be force in this contention if the common law penalty was applicable, because the appellant would have had a right to assume that the lower court would sentence him under the common law, and whether it did or not could not be ascertained until the actual imposition of the sentence, which would have been, of course, too late for a

demurrer to be interposed to the indictment. This question, however, is definitely determined by this court in the case of *Reynolds v. State*, 141 Md. 637, at 641, where it is held, in construing the statute now under consideration, chapter 30 of the Acts of 1916, in a case also arising in Washington County, that no common law penalty could be imposed for the doing of the things prohibited by this statute. In that case Judge Boyd, speaking for the Court, said: "In the first place, the language of the statute itself (Act of 1916) shows that it did not mean a penalty imposed for violating *that* statute. It does not say or indicate that such was the intention of the Legislature, but on the contrary, it says 'shall be liable for all the penalties *now* or *hereafter* prescribed, for manufacturing, selling, dispensing or disposing of' any of the liquors mentioned, without a license. In a word, it only referred to penalties already prescribed or those which might be afterwards prescribed. While it is true that an indictment may lie for the violation of a statute, although it imposes no penalty, yet where the statute shows on its face that the Legislature only intended such penalties as were then or might thereafter be *prescribed,*—that is to say, by the Legislature, and not such as would be imposed by the common law for violating a statute, then it would seem clear that the latter could not be imposed." It follows that the only penalty which could be imposed in Washington County for the manufacture of intoxicating liquors for sale, was such as was then in force or might thereafter be enacted by the Legislature. It is conceded that the Legislature has prescribed no penalty for the manufacture of liquor in Washington County, unless it be by section 5 of the Act of 1916. Therefore, if the appellant desired to test the question of whether section 5 of the Act of 1916 does prescribe a penalty for the manufacture of intoxicating liquors in Washington County, he must have done so by demurrer to the indictment, and can not now raise the question by a motion in arrest of judgment. If he had demurred to this count in the indictment, and been sustained, this count would have been excluded and he would have been tried on the remaining count.

If, on the other hand, the demurrer had been overruled, on appeal the question would have been open to review in this court. We are of the opinion that the question attempted to be raised by the motion in arrest of judgment should have been raised by demurrer, and therefore the motion was properly overruled.

*Judgment affirmed, with costs to the appellee.*