## IRVIN ELLINGHAM *v.* STATE OF MARYLAND.
[No. 6, October Term, 1932.]

*Decided October 28th, 1932.*

The cause was argued before Bond, · C. J., Pattison, Urner, Offutt, Digges, Parke, and Sloan, JJ.

*James M. Roche,* for the appellant.

*William L. Henderson, Assistant Attorney General,* and *Charles C. G. Evans, Assistant State's Attorney for Baltimore City,* with whom were *William Preston Lane, Jr., Attorney General, Herbert R. O'Conor, State's Attorney,* and *Charles C. Dipaula, Assistant State's Attorney,* on the brief, for the State.

Urner, J., delivered the opinion of the Court.

The appellant in this case was employed as a telegraph operator by the General News Bureau, Incorporated, and was convicted of acting as its agent in Maryland, contrary to section 121 of article 23 of the Code, when it had not complied, as a foreign corporation, with the requirements of the state law. As in *Vogel v. State,* 163 Md. 267, 162 A. 705, with which this case was argued, there is an exception to an advisory instruction classifying the appellant, under the evidence, as an agent within the purview of the statute. In our judgment, the evidence in the record does not prove conclusively that his employment as telegraph operator involved any authority or responsibility sufficient to make him an agent of the foreign corporation within the meaning and effect of the act, as we have construed it in the opinion delivered in the companion case. What we have said in that opinion in reference to the refusal of the court to allow counsel for the defendant to make an argument to the jury in opposition to its advisory instruction applies equally to an exception raising the same question for this appeal.

One of the exceptions in the present record was reserved because of the court's action in overruling a plea of former jeopardy. The ground of the plea was that the appellant had

been tried and acquitted under an indictment charging him with having served as an agent of the General News Bureau, in violation of the statute cited, on a specified date (November 18th, 1931) next succeeding that mentioned in the indictment upon which he was for the second time brought to trial. It was alleged in the plea that the two indictments were based upon the same facts, the only variance being in the specification of the day on which the offense was said to have been committed. , The contention is that if the service rendered by the appellant for the foreign corporation was a violation of the statute, it was a continuing offense for which he could be tried only once with respect to the period prior to the institution of the criminal proceeding which resulted in his acquittal.

Upon the evidence in the record it is clear that the employment of the appellant by the General News Bureau was continuous during the period in which the days designated in the two indictments were included. His work as a telegraph operator, both on the 17th and 18th of November, was performed in pursuance of one and the same engagement. It is a well-recognized rule that an acquittal or conviction resulting from a trial for an offense which is a continuing course of conduct bars a second indictment charging the commission of the same offense prior to the beginning of the first prosecution. 16 *C. J.* 268 and cases there cited. In *State v. Jones,* 201 N. C. 424, 160 S. E. 468, 469, the court said: "Wharton defines a continuing offense as a transaction or a series of acts set on foot by a single impulse, and operated by an unintermittent force, no matter how long a time it may occupy. *Crim. Pleading* 474. It is an offense which continues day by day. * * * The prosecution of an offense of this nature is a bar to a subsequent prosecution for the same offense charged to have been committed at any time before the institution of the first prosecution, but it is not a bar to a subsequent prosecution for continuing the offense thereafter, as this is a new violation of the law."

As Judge Pattison said in *Gilpin v. State,* 142 Md. 464, 466, 121 A. 354, 355: "That no person shall for the same

offense be twice put in jeopardy is both a provision of the Constitution of the United States, * * * and an established rule of the common law, and a plea of former jeopardy is good under either. The rule forbids a second trial for the same offense whether the accused at the former trial was acquitted or convicted."

The acquittal of the appellant when tried upon the charge which referred to November 18th was a determination that his conceded work as telegraph operator on that day did not make him liable to prosecution as an agent of the forign corporation by which he was employed. In view of that adjudication, and of the rule we have stated, he should not be compelled to undergo another trial on the charge of having performed, on the preceding day, the same unchanging and continuous service.

When first enacted by chapter 270 of the Acts of 1898 (section 109C), the statute under consideration prescribed a fine of $100 "for each and every day" on which persons affected by its provisions should act in the prohibited capacity. As amended into its present form by chapter 240 of the Acts of 1908 (page 52, sec. 69), the statute discards the principle of cumulative penalties and provides simply for a fine of $200 to be imposed upon an officer or agent of a foreign corporation who transacts business for it in this state when it has failed to comply with the Maryland law.

The case of *Keller v. State,* 122 Md. 677, 90 A. 603, has been cited for the appellee. In that case an undertaker's assistant was indicted for a violation of the Acts of 1902, chapter 160, in performing duties of his vocation without having registered and obtained a license, as required by the act. After acquittal he was confronted by a second indictment charging a similar offense as having been committed on a date subsequent to that which the first indictment had specified. A plea of former acquittal was held to be demurrable because the names of the deceased persons mentioned in the two indictments, as well as the dates of the offenses, as shown by the plea, were entirely different.

In our judgment this appeal presents a typical case for the application of the rule we have stated in regard to continuing offenses, and the plea of former jeopardy should have been sustained.

The rulings of the trial court on the admissibility of certain evidence were correct, and were fully supported by the decision in *Pick v. State,* 143 Md. 192, 121 A. 918.

*Judgment reversed, and new trial awarded.*