## JOSEPH GAMBLE ET AL. *v.* STATE OF MARYLAND.
[No. 64, October Term, 1932.]

*Decided January 17th, 1933.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Parke, and Sloan, JJ.

*Philip H. Dorsey, Jr.,* and *Joseph A. Wilmer,* submitting on brief, for the appellants.

*William L. Henderson, Assistant Attorney General,* with whom were *William Preston Lane, Jr., Attorney General, John H. T. Briscoe, State's Attorney for St. Mary's County,* and *Edward J. Edelen, State's Attorney for Charles County,* on the brief, for the State.

Sloan, J., delivered the opinion of the Court.

The appellants, Joseph Gamble, Allison Wenk, Roland Hamilton, and Dudley Willett, were indicted by a grand jury in Charles County, the first count of the indictment charging them with assault to kill one Len Douglass; the second count charging assault and battery, to which they pleaded "not guilty." For cause shown the case was removed to St. Mary's County, where they were tried by a jury, and Gamble and Wenk were found guilty on the first count and Hamilton and Willett on the second. Motions for new trial and in arrest of judgment were filed and overruled, and it is from the adverse decision on the motion in arrest that this appeal is taken.

The grounds of the motion were that the "traversers were summoned to testify before the Grand Jury of Charles County in the investigation in which the indictment was found in this case and did testify in said investigation before the said grand jury, which found said indictment without waiving any rights or privileges they had, and without being informed of their constitutional rights and without being warned that their testimony might be used against them" and "because of other reasons appearing on the face of the proceedings."

Three questions are submitted for decision: (1) Is an indictment valid which is founded on the testimony of the accused? (2) Should the names of the prosecuting witnesses be indorsed on the back of the indictment? (3) Can these questions be raised by a motion in arrest of judgment?

There is nothing on the face of the indictment, or in the record, except the statement made in the motion in arrest, that the accused, who are the appellants here, were the witnesses upon whose testimony the indictment was returned by the grand jury. It has been decided by this court, that for errors not apparent on the face of the proceedings the question should be raised before pleading. In *Byers v. State,* 63 Md. 207, 210, it was said: "If matters alleged and shown by these affidavits and statement rendered the indictment substantially defective, he should have taken advantage of them by a motion to quash or to set it aside, before pleading not guilty, or by some form of proceeding other than a motion in arrest." See, also, *White v. State,* 143 Md. 535, 123 A. 58; *McCurdy v. State,* 151 Md. 438, 135 A. 161; *Margulies v. State,* 153 Md. 204, 137 A. 896.

But, assuming that objection to the sufficiency of the indictment, which was in the usual and approved form, had been taken before pleading, it could have been of no avail to the appellants. So far as this record shows, they had not been charged with the offense for which they were subsequently indicted when they appeared before the grand jury. If they had thought they were in any danger of indictment, they could have declined to testify on the ground that their evidence might incriminate them. It was nobody's duty to inform them then, inasmuch as they had not been charged, to caution them that anything they might say would be used against them. They might have been compelled to obey the summons, but no power could compel them, against their will, to give evidence which might result in their indictment for the offense then being investigated.

The appellants contend that to convict them on an indictment founded on their evidence violates the right reserved

to them by article 5 of the Amendments to the Federal Constitution, which provides that no person shall be compelled in any criminal case to be a witness against himself. A grand jury investigation is not a "case"; it initiates cases. Its proceedings are not trials, but inquiries into crimes and offenses, from which the innocent are saved the humiliation of being brought to court to defend unfounded or unwarranted accusations. There was a time when the grand jury were not only the accusers but triers as well. 28 *C. J.* 763. The history and functions of the grand jury were so thoroughly reviewed by Judge Digges in *Re Grand Jury Report,* 152 Md. 616, 137 A. 370, that anything here said on that subject would be repetition of what was there said. On no theory to which our attention has been directed can a grand jury investigation, leading to an indictment, be called a "case," to which the fifth article of the Amendments would apply. As to the definition of a "case," Mr. Justice Day, in *Muskrat v. United States,* 219 U. S. 346, 31 S. Ct. 250, 254, 55 L. Ed. 246, quoted from *Re Pacific Ry. Commission* (C. C.), 32 Fed. 241, as follows: "Whenever the claim of a party under the Constitution, laws, or treaties of the United States takes such a form that the judicial power is capable of acting upon it, then it has become a case. The term implies the existence of present or possible adverse parties, whose contentions are submitted to the court for adjudication." In *Calderwood v. Peyser,* 42 Cal. 110, 115, it is said: "To the existence of such a case parties are necessary, also pleadings, and proceedings, trials, orders, judgments, etc., usually follow."

Time was when one accused of crime was not permitted to testify in his defense. Now, it is a matter of choice with him, but under no circumstances may he be compelled to testify against himself. In *People v. Northey,* 77 Cal. 618, 19 P. 865, 869, 20 P. 129, the appellant had been a witness before the grand jury in the matter for which he was indicted. His name was not indorsed on the indictment and he gave this omission as one of the grounds to set aside the

indictment; the court saying: "It would be useless to inform the party [traverser] that he was himself an accuser," as he could not be called as an accusing witness at the trial.

The objection now made to the indictment, that it was procured by the appellants' testimony, is not novel in this court. Bessie L. Pick had been arrested on a charge of larceny and was summoned to testify before a grand jury, which indicted her for the offense with which she had been theretofore charged, and after indictment she made a motion to quash the indictment, substantially on the ground here alleged. It was there held (*Pick v. State,* 143 Md. 192, 121 A. 918) that an indictment so procured was not invalid, this court clearly distinguishing between the testimony of a traverser testifying before a grand jury and the rights available under the Constitution of the United States and Declaration of Rights of Maryland for her protection at the trial of the case, when the question of guilt or innocence is the issue. See *Ellingham v. State,* 163 Md. 278, 162 A. 709, at the October Term, 1932.

The remaining objection is the failure to indorse the names of the prosecuting witnesses on the indictment; and this is likewise foreclosed by the failure of the accused to raise the objection by proper motion before pleading and going to trial on the indictment.

We find no error in the action of the trial court overruling the motion in arrest.

*Judgment affirmed, with costs.*