## HARRY COHEN *v.* STATE OF MARYLAND
[No. 37, October Term, 1937.]

*Decided December 9th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, and MITCHELL, JJ.

*Isaac Lobe Straus* and *Harry O. Levin,* for the appellant.

*Hilary W. Gans, Deputy Attorney General,* with whom was *Herbert R. O'Conor, Attorney General,* and *Philemon B. Coulter, Assistant State's Attorney,* for the State.

SLOAN, J., delivered the opinion of the Court.

Harry Cohen, the appellant, in this case alone was indicted on February 26th, 1937, on a charge of riot on the 12th day of February, 1937, at Baltimore City, together with eight named persons and divers other persons to the jurors unknown. There were two counts in the indictment, the first count of the indictment charged Cohen, together with those named and divers other persons with unlawful assembly, and "* * * then and there being so gathered together did make a great noise, riot, tumult and disturbance, and then and there unlawfully, riotously and tumultously remained and continued together for a long space of time, to-wit, for the space of fifteen minutes and more next following, to the great terror and disturbance of the persons thereabouts inhabiting, residing and being and passing and repassing upon the public highway there, to the great terror of the people of the said State, and against the peace, government and dignity of the State."

The second count charged that Harry Cohen, together with the same eight named in the first count and divers other persons to the jurors unknown, being unlawfully assembled, "* * * then and there being so assembled, and

gathered together then and there riotously did assault, intimidate and interfere with certain employees of The Yellow Cab Company, a corporation, to-wit, Frank Phelps and certain other persons to the jurors aforesaid unknown, and did destroy certain vehicles, to-wit, certain taxicabs, then and there being, of the property of The Yellow Cab Company, a corporation, to the great disturbance and terror of the people, and against the peace, government and dignity of the State."

The defendant demurred to each count of the indictment and the demurrers were overruled. The defendant thereupon, on the 8th day of March, 1937, filed two special pleas, in which he set out the indictment contained in the record in No. 16 at this Term, *ante* p. 216, 195 A. 532, and charged that he had already been tried and found guilty of the matters whereof he was indicted in this case, and that, although the indictment in the former case laid the charge as of December 12th, 1936, evidence of the offense set out in the indictment in this case was received at the former trial and the same had been adjudicated by' the jury. The State demurred to the special pleas, and each of them, of former conviction, and the demurrers were sustained, whereupon on the same day the case proceeded to trial before a jury and the day following a verdict of guilty was rendered. Pending a motion for new trial, sentence was suspended, and on May 10th, the motion for new trial being overruled, the defendant was sentenced to three months in the Maryland Penitentiary, and to pay a fine of $5,000 and costs, concurrent with the sentence of March 13th, 1937, in the former case, No. 16 at this Term, as to both fine and imprisonment.

In the opinion filed in No. 16 at this Term, this court declared that the State was not confined to the day named in the indictment for the commission of the offense of riot and inciting to riot there charged, and that under that indictment evidence was admissible down to the date of the indictment, not only for the purpose of showing guilty knowledge or intent, but as evidence of the offense charged in the indictment, in the absence of a bill of

particulars, which was not requested, the granting of which, however, is in the discretion of the court. *Hochheimer, Crim. Law,* sec. 126; *Dunlop v. United States,* 165 U. S. 486, 491, 17 S. Ct. 375, 41 L. Ed. 799.

It is so well settled that one cannot be twice put in jeopardy for the same offense that the State's demurrers to the special pleas should have been overruled, and the case should not have proceeded to trial on its merits, and certainly not until there had been a final adjudication of the matters charged in the first indictment, and then, not at all, if that final judgment was "guilty." *Ellingham v. State,* 163 Md. 278, 162 A. 709; *State v. Coblentz,* 169 Md. 159, 180 A. 266, 185 A. 350; 8 *R. C. L.* 141, 143, and 144. In view of the opinion filed in No. 16, it is unnecessary to enter into a statement of the facts or a discussion of the exceptions in this case, and, because of the decision in that case, the judgment in this case must be reversed.

*Judgment reversed.*