306 P.2d 640

STATE of New Mexico, Plaintiff-Appellee,
v.
Edna REED, Defendant-Appellant.
No. 6144.
Supreme Court of New Mexico.
Jan. 23, 1957.

148

G. T. Watts, Roswell, Hartley & Buzzard, Clovis, Neal & Girand, Hobbs, for appellant.

Richard H. Robinson, Atty. Gen., Harry E. Stowers, Jr., Paul L. Billhymer, Asst. Attys. Gen., for appellee.

COMPTON, Justice.

The appellant was convicted by a jury of Curry County of the crime of perjury, and she appeals from the judgment imposing sentence upon her. The applicable statute, § 40-32-2, 1953 Comp., reads:

"If any person of whom an oath shall be required by law, shall wilfully swear falsely in regard to any matter or thing, respecting which such oath

is required, such person shall be deemed guilty of perjury."

The alleged perjury grew out of the testimony given by appellant before a Grand Jury. The Grand Jury was investigating, among other things, an assault, attempted robbery, and the sale of intoxicating liquor, which allegedly occurred on the night of January 24, 1956, in the Cattlemen's Club of Clovis. Appellant, a barmaid at the club, was called as a witness before the Grand Jury in its investigation. In response to a question with regard to the serving of liquor in the club, appellant testified, "that Louise Jenkins (not an employee of the club) served Harold Gress, Mrs. Harold Gress, V. O. Davenport, Marvin Hale and James Star, and that no employee of the club served them on that particular evening because I was there." At the trial, the parties mentioned, except Louise Jenkins and Harold Gress, were called as witnesses and testified that Joyce Ellis, an employee of the club, served them intoxicating liquor repeatedly throughout the evening; that appellant was tending bar in the club on the occasion mentioned; and, that on several occasions she knowingly furnished liquor to Joyce Ellis to be served by her to them. But in view of the disposition we make of the appeal, the sufficiency of the evidence becomes unimportant.

The court instructed the jury as to the material allegations of the information as follows:

"5. The material allegations contained in the indictment which must be proved to your satisfaction and beyond a reasonable doubt by the evidence introduced in this case are:

(a) That Edna Reed testified 'that Louise Jenkins served Harold Gress, Mrs. Harold W. Gress, V. O. Davenport, James Star and Marvin Hale and that no employee of the club served them on that evening because I was there';

(b) That said testimony was under oath;

(c) That said testimony was false;

(d) That the defendant Edna Reed knew at the time of giving said testimony that it was false;

(e) That this occurred in Curry County, New Mexico on the 7th day of February, 1956, before the Curry County Grand Jury."

It is first contended that the court failed to instruct that an essential element of the crime of perjury is the materiality of the alleged perjured statement to the matters under investigation by the Grand Jury, and that there was a failure of proof in this regard. Conversely, the State contends otherwise. Without passing on the correctness of these conflicting contentions, it suffices to say the materiality of her testimony was shown. The indiscriminate serving of intoxicating liquor was material

to the matters concerning which the inquiry was made. The selling and serving of liquor go hand in hand. Moreover, no exception was taken to the instructions. State v. Clarkson, 58 N.M. 56, 265 P.2d 670.

■ Appellant offered to prove by various witnesses that no sales were made to them at the club at the time and place in question. The tender was refused and correctly so. Being negative in character, it was without probative force. The court did not err in denying the tender.

Further assignment of error has to do with the trial court's refusal to give a requested instruction. After the case was closed and the court had prepared its instructions, the following occurred in chambers:

"The Court: Any requested instructions by the defendant?

"Mr. Watts: Let me dictate this. Comes now the defendant and requests the Court to give the following instruction, to wit:

"1. Ladies and gentlemen of the Jury, you are instructed that before you would be warranted in finding the Defendant guilty of the crime charged in the indictment you must find first that the Defendant testified under oath before the Curry County Grand Jury on the 7th day of February, 1956; that her testimony was false as set forth in the indictment, the bill of particulars and the supplemental bill of particulars, and that the defendant knew at the time of giving said testimony that it was false, and that she gave said testimony wilfully and for the purpose of corruption. It is respectfully submitted.

"The Court: It will be refused. Any objection to the instructions as submitted by the Court?

"Mr. Watts: None."

■ The claim of error must be sustained. While there was a failure to comply with the provisions of § 41–11–11, 1953 Comp., Rule 51(b), our Rules of Civil Procedure, requiring requested instructions to be in writing, the oral request here served the purpose of the rule. It served to alert the mind of the judge that he was about to fall into error and afford him an opportunity if necessary to correct it, to avoid the injustice which might otherwise result. The refusal to give the instruction requested, or one of similar import, is so basic as to require a reversal. The case was submitted to the jury on the basis that the giving of false testimony knowingly, was the offense charged. Clearly, this is not so; wilfully testifying falsely is the gravamen of the offense charged. The jury was denied an opportunity to pass upon the state of mind of the appellant, an essential element in determining her guilt or innocence when she testified as she did before the Grand Jury. See Screws v. United States,

325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330. The text writers support the conclusion reached. At 70 C.J.S., Perjury, § 74, it is said:

"Since a corrupt intent is an essential element of the crime of perjury, the court should instruct the jury that, in order to convict, the false testimony must have been given willfully and corruptly, or other language must be used indicating that the swearing must have been intentionally false; * * *"

Another question urged for a reversal, and which again may arise on a subsequent trial, relates to the sentence imposed. The court followed the penalty provision of § 40–32–1, 1953 Comp., in imposing sentence. The section reads:

"Every person being lawfully required to depose the truth in any proceedings in a court of justice, who shall commit perjury, if such perjury was committed on the trial of an indictment for a capital crime, shall be punished by imprisonment in the state penitentiary, not more than fifteen (15) years, nor less than three (3) years, and *if committed in any other case,* by imprisonment in the state penitentiary, not more than five (5) years, nor less than two (2) years." (Emphasis ours.)

Appellant contends that since § 40–32–2, 1953 Comp., upon which the prosecution was based, did not provide a specific penalty for its violation, the offense was punishable under § 40–1–7, 1953 Comp., which provides for imprisonment in the county jail, or by fine, or by both. In support of this she strongly relies on the phrase, "if committed in any other case", appearing in § 40–32–1, 1953 Comp. She insists that the word "case" as used therein means a "case" being tried in court. This contention must be rejected. The word "case" in a legal sense, means "suit", but as used in the statute it means "event", "instance", or "happening." Dickey v. Smith, 42 W.Va. 805, 26 S.E. 373.

The two penal statutes, both dealing with perjury, were passed at the same time, Chapter VI, Sections 1 and 2, Laws 1853–54. We direct attention to Sections 3 and 4 of the same Act. By Section 3, 1953 Comp. § 40–32–4, subordination of perjury is punishable "as for the crime of perjury." By Section 4, 1953 Comp. § 40–32–5, even an attempt to suborn perjury, though no perjury is committed, is made a *crime.* To hold that a mere attempt to suborn perjury is made a greater offense than actual subordination of perjury, or perjury itself, leads to an illogical conclusion. While perjury was a misdemeanor at common law, perjury before a Grand Jury, by statute, is made a felony.

The judgment will be reversed with direction to grant appellant a new trial, and it is so ordered.

LUJAN, C. J., and SADLER and KIKER, JJ., concur.

McGHEE, Justice (dissenting in part).

I concur in the opinion proposed by Justice COMPTON except the part holding the defendant was properly sentenced under Sec. 40–32–1, N.M.S.A.1953, which as I read and construe it relates only to perjury committed in a case in court. A matter being investigated by a grand jury is not a case in court as is held in Gamble v. State, 164 Md. 50, 163 A. 859, 861, which is the only case I have found which is squarely in point.

It is agreed the defendant was tried under Sec. 40–32–2, reading:

"If any person of whom an oath shall be required by law, shall wilfully swear falsely in regard to any matter or thing, respecting which such oath is required, such person shall be deemed guilty of perjury."

The three following sections relate to false swearing before a legislative committee or either house of the legislature, subordination of perjury, and attempt to suborn perjury. Two carry specific penalties which are different, while subordination of perjury carries none.

I agree with the contention of appellant that she should have been sentenced under Section 40–1–7, N.M.S.A.1953.

The case of Dickey v. Smith cited in the majority opinion involved the question of the number of times a justice of the peace could grant a new trial in a civil case, and also whether a certain account could be set up as a counterclaim. I do. not regard it as authority for what is held here.