**Elizabeth THOMAS, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

Nos. 2509–2511.

Municipal Court of Appeals for the District of Columbia.

Submitted Feb. 29, 1960.

Decided May 24, 1960.

Curtis P. Mitchell and John A. Shorter, Jr., Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair and John R. Hess, Asst. Corp. Counsel, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was charged with vagrancy in three separate informations.[1] The first, filed January 26, 1959, charged vagrancy during the period August 27, 1958, to January 26, 1959; the second, filed March 21, 1959, charged the offense from February 3 to March 21, 1959; and the third, filed June 13, 1959, covered the period from April 3 to June 13, 1959. The three charges were tried in succession and appellant was found guilty on each information.

On these appeals appellant does not question the sufficiency of the evidence to sustain a conviction of vagrancy, but contends that the evidence in the three cases showed appellant to be guilty of but one offense that continued during the periods of time set forth in the three informations, and that

1. Code 1951, 22–3302 (Supp. VIII).

it was error to impose consecutive sentences on each of the three convictions. The argument made is: "During the periods set forth in the three informations, the appellant was regularly seen to do and to deport herself in a fashion that has consistently been held to demonstrate the offense. Upon proof of this almost unbroken sequence, the trial court should have determined that but one offense was shown."

 If appellant's argument is sound, then one who has been convicted of vagrancy may thereafter with impunity continue the same way of life. Such is not the law. The law with respect to prosecutions for a continuing offense was correctly stated in State v. Johnson, 212 N.C. 566, 194 S.E. 319, 321, where it was said:

"The prosecution of a defendant charged with the violation of a continuing offense is a bar to a subsequent prosecution for the same offense charged to have been committed at any time before the institution of the first prosecution. But it is not a bar to a subsequent prosecution for continuing the offense thereafter, as this is a new violation of the law."

Other cases in this jurisdiction and elsewhere are in accord. See Savage v. District of Columbia, D.C.Mun.App., 54 A.2d 562; District of Columbia v. Horning, 47 App.D.C. 413, affirmed 254 U.S. 135, 41 S. Ct. 53, 65 L.Ed. 185; Ellingham v. State, 163 Md. 278, 162 A. 709; State v. Wood, 168 Minn. 34, 209 N.W. 529; Smith v. State, 55 Tex.Crim. 320, 116 S.W. 593.

 The periods charged in the three informations were separate and distinct, and each charged a separate offense. Conviction of the first did not bar prosecution for the second and third any more than these convictions will bar further prosecutions if appellant continues to pursue her way of life.

Appellant's second point is that the statute under which she was prosecuted is unconstitutional. This question was not raised at trial and is not properly before us. If it were, we would have no hesitation in ruling that the point is without merit.

Affirmed.