**DISTRICT OF COLUMBIA, Appellant,**

v.

**Jack O. KING, Appellee.**

**No. 3414.**

District of Columbia Court of Appeals.

Argued Feb. 17, 1964.

Decided June 16, 1964.

John R. Hess, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Joyce Capps, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

In August of 1963 an information was filed against appellee, charging that on June 27, 1963, "and on divers other days between that date and the date of the filing" of the information, he did "conduct a business dealing in second-hand personal property to wit; coins and stamps," without first having obtained a license to do so.[1] The case came on for trial on October 8, 1963, and after witnesses were sworn and testimony received the trial court found appellee "not guilty on the ground that his activities did not fall within the purview of the statute and regulation." On October 14, 1963, a second information was filed against appellee. This information was practically identical in wording with the first information except that it alleged the offense to have occurred on October 9, 1963, and on other days between that date and the date of the filing of the second information.

Appellee filed a motion to quash and dismiss the second information on the ground that the judgment of not guilty on the first information "constituted a plea in bar" to the second information under the doctrines of stare decisis and res judicata. This motion was granted and the government has appealed.

In District of Columbia v. Horning, 47 App.D.C. 413, 420 (1918), it was said:

"It is well settled that an acquittal or a conviction in a criminal prosecution is not a bar to a later indictment for the same crime, where it appears that the acts were committed at a different date from those involved in the former prosecution."[2]

Appellee seeks to avoid the impact of this rule by asserting that the second charge

---

1. Code 1961, § 47-2339, provides for the licensing of "[a]ny person engaging in the business of buying, selling, trading, exchanging or dealing in secondhand personal property of any description * * *."

2. See also, Thomas v. District of Columbia, D.C.Mun.App., 161 A.2d 52 (1960); Savage v. District of Columbia, D.C.Mun. App., 54 A.2d 562 (1947).

is the same as the first in law and in fact; but the record does not sustain this assertion. Undoubtedly both informations charged violations of the same statute; but the record does not disclose what activities of appellee were held in the first case not to be within the purview of the statute, and of course cannot show what activities of appellee will be disclosed by the evidence under the second prosecution. It was error to dismiss the second information.

In this posture of the case we do not reach the government's contention that cancelled postage stamps and old coins constitute secondhand personal property within the meaning of the statute.

Reversed.

QUINN, Associate Judge (dissenting):

The rule announced by today's decision subjects a criminal defendant to unlimited harassment by the government despite a prior finding that he was not guilty as a matter of law of engaging in the activities sought to be punished. Here appellee's business in coins and stamps was found not to fall within the purview of the statute and regulations requiring the licensing of any person conducting a business in secondhand personal property. Six days later the government filed a second information charging the identical offense but alleging no reasons or facts why the prior determination was erroneous or distinguishable. In effect the government alleged only that the offense was continuing. Were the alleged offense not of a continuing nature the government would have been barred from filing such an information by the Fifth Amendment. Giving the government a second day in court under the circumstances here presented is equally offensive.

The majority states:

"* * * the record does not disclose what activities of appellee were held in the first case not to be within the purview of the statute, and of course cannot show what activities of

appellee will be disclosed by the evidence under the second prosecution. * * *"

The effect of this holding is to place upon appellee the burden and expense of defending a second criminal prosecution to show that his activities are the same as those considered in the first litigation. And this despite the fact that he was there found not guilty as a matter of law. I would rather place the burden upon the government and hold that unless the government can make a preliminary showing of how the activities of the defendant have changed or are distinguishable from the ones considered in the first proceeding, the second proceeding is barred. The majority decision subjects a presumably innocent defendant to unlimited harassment, expense and prosecution until the government wins its case. Such a result is patently unfair. Consequently, I dissent.