[No. 2147, March 12, 1918.]
## MORGAN v. PIERCE.

### SYLLABUS BY THE COURT.

Where a party appeals from a judgment against him in the district court, and gives a supersedeas bond, he cannot abandon such appeal and sue out a writ of error without supersedeas.

Error to District Court, Otero County; Medler, Judge.

Action by R. H. Pierce against Julia F. Morgan. Judgment for plaintiff, and after filing a supersedeas bond and without perfecting an appeal, defendant obtained a writ of error. Motion to dismiss writ of error sustained.

W. H. H. LLEWELLYN and J. F. BONHAM, both of Las Cruces, for plaintiff in error. J. LEE LAWSON, of Alamogordo, for defendant in error.

### OPINION OF THE COURT.

ROBERTS, J. A money judgment was rendered against the plaintiff in error in the district court of Otero county on the 10th day of May, 1917. From this judgment an appeal was granted by the district court on the 16th day of June, 1917, upon application of plaintiff in error, and on the 2d day of July, 1917, she filed a supersedeas bond, which was on said date approved by the clerk of the district court. After filing the supersedeas bond, plaintiff in error took no further steps toward perfecting the appeal, and on the 8th day of October, 1917, applied to this court for a writ of error, which was granted. Upon the writ of error being granted, she executed a cost bond and served citation upon the defendant in error. Defendant in error has filed a motion to dismiss the writ of error upon the ground that the appeal having been taken and supersedeas bond given, plaintiff in error cannot prosecute a writ of error to review such judgment.

Plaintiff in error relies upon the case of Dailey v. Foster, 17 N. M. 377, 128 Pac. 71, in support of her right to prosecute the writ of error. In that case plaintiff, in error had taken an appeal and executed a cost bond only. The cost bond was not filed within the 30 days required by statute, and, fearing that advantage would be taken of the default, plaintiff in error sued out the writ of error. We held that the suing out of the writ of error was an abandonment of the appeal, and refused to dismiss the writ of error. Defendant in error was not prejudiced in any way in that case because no supersedeas bond had been given staying the enforcement of the judgment. Here, however, under the appeal, by the giving of the supersedeas bond, defendant in error was deprived of his right to have the judgment enforced, and the case is governed by a different rule.

When the appeal was taken in this case the plaintiff in error executed a supersedeas bond, as authorized by section 17, c. 43, Laws 1917. By section 41, c. 43, Laws 1917, it is provided that if the judgment of the appellate court be against the appellant or plaintiff in error, the Supreme Court shall either render judgment against him and his sureties in the appeal or supersedeas bond, or remand the cause, with instructions to the district court to enter such a judgment. This provision of the statute would be rendered ineffectual if a party could take an appeal and give a supersedeas bond, and then sue out a writ of error without supersedeas in the same case, and such practice should not receive the approval of this court. Whether the decision in the Dailey-Foster Case was correct or not need not be determined. The majority of the courts do not permit the suing out of a writ of error where an appeal has been taken and not prosecuted further.

In the case of Perez v. Garza, 52 Tex. 571, it was held that the person who had perfected an appeal under a supersedeas bond could not abandon his appeal and sue out a writ of error with a like bond returnable to a term subsequent to that to which the appeal was returnable,

and thus defeat the right of appellee to affirmance of the judgment on certificate. The Supreme Court of Arkansas makes a distinction between those cases where the appeal does not operate as a supersedeas, and those, on the other hand, where, by operation of law or act of the suitor by entering into a recognizance, the execution is stayed upon the granting of the appeal. Where the successful party in the court below is not hindered by the appeal from having execution, the appellant is permitted to dismiss his appeal, and may later sue out a writ of error, but this he cannot do where a supersedeas bond has been given in the first appeal. Yell v. Outlaw, 14 Ark. 413; Kinner & Butler v. Dodds, 35 Ark. 29.

For the reasons stated, the motion to dismiss the writ of error will be sustained; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.