(Nos. 2658, 2659, 2710, 2711.   Jan. 26, 1924).

BLANCHARD v. STATE ex rel. Wallace (two cases).

### SYLLABUS BY THE COURT.

1.   A proceeding instituted under chapter 85, Laws 1917, is not a special proceeding, but is a "civil action," and the judgment therein is reviewable in this court on appeal or writ of error.

2.   Failure to file a sufficient number of copies of the transcript of record is not ground for the quashing or dismissal of a writ of error; the remedy of the defendant

in error being to present and file a skeleton transcript and ask this court for the affirmance of the judgment.

3. Section 23 of chapter 43, Laws 1917, is inapplicable to a case brought here by writ of error, in so far as it requires the inclusion in the transcript of the citation issued by this court upon such writ of error.

4. Where no supersedeas bond has been filed by an appellant, he may appear in this court and dismiss his appeal, and thereafter sue out a writ of error in the same case.

5. Where two causes have been consolidated in the trial court for trial, and where all of the facts and questions in the record relate equaly to both cases, and where a transcript of record is filed in one of such cases, this court has power to consolidate the cases for hearing in this court, and to order the filing of the transcript "in both of such cases. The requirement of section 35, of chapter 43, Laws of 1917, is a mere administrative measure, and sets up no jurisdictional requirements as to the filing of transcripts.

Appeal from District Court, Chaves County; Brice, Judge.

Separate proceedings by the State, on the relation of Pauline Wallace, against F. L. Blanchard, and by the State, on relation of Hazel Mae Wallace, against W. E. Blanchard. Judgment in each case awarding the custody and control of dependent and neglected children, and the Blanchards bring error. On motion to quash and dismiss the writs of error. Motion denied.

C. C. Catron, of Santa Fe, Ed S. Gibbany, of Roswell, and H. B. Hamilton, of Carrizozo, for plaintiffs in error.

A. B. Renehan, of Santa Fe, Tom Lea, of El Paso, Tex., Reid, Hervey & Iden, of Albuquerque, and Harry S. Bowman, of Santa Fe, for defendants in error.

OPINION OF THE COURT.

PARKER, C. J. Each of the plaintiffs in error was the foster parent of an infant girl. A proceeding was instituted by the district attorney in the district court of Chaves county, under the provisions of chapter 85, Laws 1917, which is a statute providing for the care, custody, and control of dependent and neglected children, against each of the plaintiffs in error, re-

sulting in a judgment in each case awarding the custody of the girls to their aunt, and permitting their adoption by her. The two causes were consolidated for trial and were tried together. The two judgments are before this court on writs of error.

Upon the rendering of the judgments below, the plaintiffs in error each sued out an appeal to this court. Thereafter they appeared in this court and moved to be allowed to dismiss the said appeals, which motion was allowed, and the appeals dismissed. Thereafter, and within the time allowed by law, plaintiffs in error sued out the writs of error in the said causes, upon which they are now before this court. Defendant in error in each case has moved to quash and dismiss the writ of error, which motions are now before this court.

[1]   1. The first proposition put forward by the defendants in error in the briefs is to the effect that there is no right of review of a judgment of the character entered in these causes under the statute providing the procedure. It is urged that the proceeding is a special proceeding, and, there being no provision made in the statute for the review thereof by this court, there is no right to be heard here. In this position, counsel are clearly in error. There was in England, prior to the American independence, a well-established doctrine in equity that courts of equity had jurisdiction over the care, custody, and control of infants and might entertain a proceeding to take such care, custody, and control from either parents or guardians and place the same with other suitable persons. The American courts have inherited this jurisdiction, and it is here firmly established. See on this subject 3 Story's Eq. Juris. (14th Ed.) § 1757; 3 Pom. Eq. Juris. (4th Ed.) §§ 1303-1310; Woerner on Guardianship, § 18; Lake v. McDavitt, 13 Lea (Tenn.) 26, Wood v. Wood, 5 Paige (N. Y.) 596, 28 Am. Dec. 451; Richards v. Collins, 45 N. J. Eq. 283, 17 Atl. 831, 14 Am. St. Rep. 726; Lindsay v. Lindsay, 257 Ill. 328,

100 N. E. 892, 45 L. R. A. (N. S.) 908, Ann Cas. 1914A, 1222.

Under this equitable jurisdiction, the district court of Chaves county could have done everything which it did do without the aid of any statute whatever, in so far as disposing of the care, custody, and control of these children is concerned, except perhaps the permitting of their adoption by the aunt. But under this statute, the adoption feature is a mere incidental matter; the main scope and purpose of the act being to protect the minor from injurious influences and to place him in safe, moral, and wholesome surroundings. The form of the proceeding is somewhat modified by the statute, but the essence of the proceeding is the same as that administered by courts of chancery. This proceeding, therefore, is not a special proceeding, but is a civil action within the meaning of section 1, of chapter 43, Laws 1917. It follows that a judgment entered in such a proceeding is reviewable either upon appeal or writ of error in this court. In this particular, the judgments in these causes differ from those in Arellano v. Chacon, 1 N. M. 269, State v. Chacon, 19 N. M. 456, 145 Pac. 125 and State v. Rosenwald, 23 N. M. 578, 170 Pac. 42, cited and relied upon by counsel for defendants in error upon this proposition.

[2] 2. Counsel in support of the motion to quash the writs of error urges that a sufficient number of copies of the transcript have not been filed in each case. This is clearly no ground for quashing the writs of error, or dismissing the same.

[3] 3. In further support of the motion to quash the writs of error, counsel for defendants in error showed that the transcript contains no citation of the defendants in error, as, it is argued, is required by section 23, of chapter 43, Laws 1917. The provisions of the statute relied upon are as follows:

"And in all cases the transcript of record shall contain a

copy of the final judgment, order ,decision or conviction appealed from, opinion of the court below when filed, notice of appeal, writ of error and citation thereon, together with the return of service, bond on appeal," etc.

That this is inapplicable to a case brought here by writ of error in so far as the citation is concerned, is apparent. This court issues a writ of error to the court below to send up the transcript in the case, and of course, the writ is to be returned with the transcript. This return may be made prior to the time that citation is served upon the opposite party. At the time of the issuance of the writ, this court also issues a citation to the opposite party, which citation never goes to the court below, but is served upon the opposite party, or his attorney, and therefore frequently there will be no opportunity to have the same inserted in the transcript, and, if inserted, it would serve no useful purpose. There is on file in the office of the clerk in these two causes citations with due return upon the same, and the technical compliance with this section of the statute would serve no useful purpose.

[4] 4. Defendants in error present the proposition in support of their motion that the plaintiffs in error, having heretofore taken an appeal and furnished a cost bond, they thereby exhausted their right of appellate review in this court, and cite Morgan v. Pierce, 24 N. M. 354, 171 Pac. 792. An examination of that case, however, shows that it has no application to the present consideration. In that case we held that an appellant, who has perfected his appeal and given a supersedeas bond, could not thereafter abandon the appeal and sue out a writ of error without giving a supersedeas bond. In this case no supersedeas bond was given, and the right to dismiss an appeal and sue out a writ of error is expressly recognized in the above case.

[5] 5. Defendants in error have moved to docket and affirm the judgment upon a skeleton transcript in accordance with section 22, of chapter 43, Laws 1917.

The transcripts in the cases on writ of error were filed in this court on October 3, 1921. The motions to docket and affirm were filed December 4, 1921. It appears that three transcripts were filed in this court in cause No. 2658, and an application was thereupon filed by counsel for plaintiffs in error to allow the filing of the same transcripts in cause No. 2659. In this motion counsel sets up that the two causes were tried below at the same time, and upon the same testimony, and that no useful purpose could be served by compelling the plaintiffs in error to go to the unnecessary expense of having prepared and filing six transcripts instead of three. Counsel also moved that the two causes be consolidated for hearing in this court, and that the clerk be directed to file a consolidated transcript in each of the said causes. This application was granted by the court ''without prejudice to the right to question the propriety of the action,'' and said transcripts were filed by the clerk in both of said causes, and they were consolidated for hearing. The power of this court to consolidate causes for hearing, and to permit the filing of the same transcripts in the two consolidated cases, is thus challenged. Counsel state that section 35, c. 43, Laws 1917, is mandatory, and that this court has no right to abrogate its requirements of the filing of three copies of the transcript in each case brought here by appeal or writ of error.

In this connection it is to be noted that the three transcripts were filed in cause No. 2658. So far as that cause is concerned, it is apparent that defendants in error have no cause of complaint. After such filing, plaintiffs in error applied to this court to consolidate the causes and to direct the clerk to file the transcripts also in cause No. 2659, which was done. An examination of the transcript discloses that the facts are the same in each case, and relate to the circumstances and environment surrounding both of the girls alike. The testimony affects both the girls alike, and could not be separated with any degree of usefulness or practicability. The object of the

statute in requiring three copies of the transcript in each case is to subserve the convenience of the court and counsel in reviewing the matter here. Ordinarily, where the facts and questions are separate and distinct, separate and distinct transcripts are required in each case in order to accomplish the result mentioned. But where the facts and questions are the same in two cases, consolidated for trial, the object of the statute is accomplished by allowing the action taken in this case; the statute being a mere administrative measure, and not intended to operate to establish jurisdictional requirements.

We are aware, of course, of the danger which lurks in ignoring requirements established in statutes concerning appellate procedure. These cases are, however, very unusual, and others like them must be of very rare occurrence. It seldom occurs that all the evidence taken in a consolidated case relates in all of its details to all of the issues in both causes as is the case here, and we are speaking to such a condition only. But this court has an inherent power, independent of statutes, to control its own administrative duties, and in such a case as this may take the action which it has taken.

It follows from all of the foregoing that the motions to quash the writs of error and dismiss the same should be denied, and the motions to docket and affirm the judgments below should likewise be denied, and it is so ordered.

BRATTON and BOTTS, JJ., concur.