JESSIE McKITTRICK AND JAMES P. McKITTRICK, PLAIN-
TIFFS-RESPONDENTS, v. DUGAN BROTHERS OF NEW
JERSEY, INCORPORATED, A BODY CORPORATE, DE-
FENDANT-APPELLANT.

Submitted October 5, 1937—Decided March 21, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and PARKER.

For the appellant, *Coult, Satz & Tomlinson* (*Gerard Foley*,
of counsel).

For the respondents, *Ezra W. Karkus*.

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by the defendant below from a judgment based upon a verdict by a jury in favor of the plaintiffs below.

This suit is based upon substantial injuries sustained by the plaintiff Jessie McKittrick in eating a muffin bought by her from the defendant, the muffin containing a sharp piece or chip of glass. Her husband joined as plaintiff, claiming consequential damages.

The defendant-appellant's sole ground of appeal is that the trial court erred in denying its motions for a nonsuit and direction of a verdict. Such motions were based solely upon the contention that because there was testimony that the plaintiff wife buttered the half-muffin she put into her mouth, it was incumbent upon her to show that there was no glass in the butter spread on the muffin, failing which, the plaintiff did not sustain the burden of proving that the defendant's negligence was the proximate cause of her injury.

But that contention ignores the full sweep and legitimate effect of the testimony. The evidence on the plaintiff's case shows the following to have occurred: In September, 1935, the plaintiff wife, Jessie McKittrick, bought a box of whole wheat muffins from a driver employed by the defendant, and paid for them. The box was marked "Dugan Brothers," and wrapped with paper across the top. The plaintiffs and their daughter were preparing to have lunch, to consist solely of tea and the muffins just purchased. The plaintiff wife placed the "Dugan" box, still containing the muffins, on the kitchen table. In preparing the lunch, the plaintiff wife placed on the table, in addition to the box of muffins, a sugar bowl and a cream pitcher, containing sugar and evaporated milk, respectively, to be served with the tea, and a little berry dish, made of chinaware containing a slice of butter. There was no glassware of any kind on the table; in fact the plaintiffs "did not own any." The plaintiff wife preceded her husband and daughter in beginning to partake of the luncheon. The butter that was in the berry dish was rolled butter. The plaintiff wife had just cut a slice from the roll of butter,

which was wrapped, and laid it in the dish. Then she broke the muffin in half, buttered it, "using very little butter," and started to eat it. She took a mouthful of the muffin and felt "something grinding and gritty," "something hard." She thought perhaps she could swallow it; that it probably was a rough raisin. As she swallowed it, it "kind of felt rough" and "pricked" her throat. She took a second mouthful, and then stopped chewing, immediately put her hand to her mouth and spat out what she had taken in her mouth. She testified: "I pulled the piece of glass out of my mouth *with the muffin wrapped around it.*" Her husband testified: "She picked a piece of glass out of what she had been chewing on, *out of part of the muffin.*" Her daughter testified: "We just got seated and mother opened her muffin, *buttered it a little bit,* and she took a bite; then she must have swallowed that bite and she took a second bite, as she did she quickly drew out a piece of glass *and muffin around it.*" The evidence shows that the piece of glass was "about between one-quarter of an inch and one-eighth of an inch long, and it was quite sharp on the edge and a little wider in the center. It came narrower on the edge and quite pointy."

Now it is clear, therefore, from a review of the plaintiff's evidence, that the hypothesis of the glass being imbedded in the muffin when the plaintiff wife bought it, is more probable than the hypothesis that the glass was contained in the slice of butter on the berry dish and was transferred to the half-muffin in smearing "a little bit of butter" on it.

While in such an action as this a plaintiff must prove circumstances which render it probable, and not merely possible, that the defendant was at fault, he is not required to exclude beyond doubt the inference that the damage was due to a cause for which the defendant was not responsible. All that is required is that the circumstances should be so strong that a jury might properly, on grounds of probability, rather than of certainty, exclude the inference favorable to the defendant. The test is probability rather than certainty. *Austin* v. *Pennsylvania Railroad Co.,* 82 *N. J. L.* 416; *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *Id.* 487; *Her-*

cules *Powder Co.* v. *Nieratko,* 113 *Id.* 195; *affirmed,* 114 *Id.* 254.

Of course the evidence of the presence of the sharp piece or chip of glass in the baked muffin, sold to a customer, so imbedded therein as to lead to the inference that it entered the dough in the mixing or other preparation, justified a finding of negligence in the baker. *DeGroat* v. *Ward Baking Co.,* 102 *N. J. L.* 188; *Gorin* v. *S. S. Kresge Co.,* 110 *Id.* 378.

Now it is a well settled rule that in passing upon motions to nonsuit and for the direction of a verdict the court cannot weigh the evidence but must take as true all evidence which supports the view of the party against whom the motions are made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. *Andre* v. *Mertens,* 88 *N. J. L.* 626.

It is also well settled that before the judge can take away from the jury the question whether or not the defendant was negligent, and whether or not such negligence was the proximate cause of the injury, and determine those questions himself, the inference to be drawn from the pertinent facts in evidence must be such that fair-minded men ought not to differ about them. *Podolsky* v. *Sautter,* 102 *N. J. L.* 598. It therefore follows from an application of such rules that the motions in the present case were properly denied.

It seems to be advisable to point out that cases relied upon by the defendant are not in point in the present case. First the defendant relies upon the case of *Suburban Electric Co.* v. *Nugent,* 58 *N. J. L.* 658. There it was properly held that the plaintiff below was bound to show something more than that the defendant was possibly responsible for the decedent's death, in order to entitle him to a verdict; that it was incumbent upon him, in the absence of direct evidence of that fact, to show not only the existence of such possible responsibility, but the existence of such circumstances as would justify the inference that the death was caused by the wrongful act of the defendant, and would exclude the idea that it was due to a cause with which the defendant was unconnected. Now in the present case plaintiffs have done exactly that. They estab-

lished the existence of such circumstances as would justify the inference that the glass came from the muffin, and have excluded the idea that the glass was contained in the butter.

Secondly, the defendant relies upon the case of *Migliaccio* v. *Public Service Railway Co.,* 101 *N. J. L.* 496; *affirmed,* 102 *Id.* 442. There the plaintiff administratrix *ad prosequendum* sued for damages for the death of her decedent, claiming that as a result of a collision with the defendant's car, the decedent's vitality was lowered by injuries sustained in the accident, and that the decedent contracted and succumbed fifteen months later, to pulmonary tuberculosis. On appeal from a judgment for plaintiff, after denial of a motion for nonsuit or directed verdict, the court held that the plaintiff failed to exclude the idea that death was due to a cause with which the defendant was unconnected, since any one of several mentioned acts might have caused the contraction of the fatal disease, had no accident occurred. Here, the situation is certainly different. Not only did the evidence for the plaintiff lead to a legitimate inference that the glass came from the muffin, but the nature of the evidence was such that it excluded the only inference upon which the defendant relies on this appeal, viz., that the glass came from the butter smeared on the muffin.

The judgment will be affirmed, with costs.