[No. 32124. Department One. October 9, 1952.]

VIRGINIA SMITH, *Respondent*, v. RICHARD R. HARRIS *et al.*, *Appellants.*[1]

*L. H. Brown* and *Frank J. McKevitt*, for appellants.

*Harvey Erickson* and *Frank R. Freeman*, for respondent.

MALLERY, J.—On the afternoon of November 16, 1950, the plaintiff accepted the invitation of one LeRoy Schweyen to take an automobile ride. They drove from Spokane to the Slab Inn in Idaho, where Mr. Schweyen had two "seven-high" cocktails, and the plaintiff two stubbies of beer. They

[1]Reported in 248 P. (2d) 551.

were returning to Spokane when the accident, with which we are here concerned, occurred at about eight o'clock p. m. The evening was clear and the pavement dry.

The defendant, with his wife and two children, was driving easterly on Appleway approaching the Corbin road, which leads into a parking space at the Central Valley high school, where they were going to attend a meeting. As the Schweyen car approached the Central Valley high school on Appleway some ten miles east of Spokane, at a speed under fifty miles per hour, the defendant made a left turn in front of it, and stopped in the Schweyen lane of travel, that is to say, in the northerly of the four traveled lanes of Appleway. Mr. Schweyen barely avoided a collision of the vehicles by turning out of the road to his right onto the graveled shoulder, but his car turned over twice before coming to rest in an upright position.

The plaintiff received back injuries for which she sought damages in this action against the defendant. From a judgment in favor of the plaintiff, the defendant appeals.

■ In defendant's first assignment of error, he contends that the trial court should have given a requested instruction to the effect that the plaintiff assumed the risk of injury by entering the car of one she knew had been drinking intoxicating liquor. He relies upon *Taylor v. Taug*, 17 Wn. (2d) 533, 136 P. (2d) 176. That case is one in which a guest sued the driver of a car in which she was riding. The citation is not in point. The plaintiff here is not suing her own driver for his negligence, if any, she is suing a third party on account of his own wrongful left turn.

■ The defendant does not contend that he was not guilty of negligence in making a left turn as he did. He really seeks to have us impose the rule of imputed negligence, rather than that of assumption of risk, upon the plaintiff. This is not a case in which the rule of imputed negligence applies, because the necessary element of *respondeat superior* is lacking. *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20; *Shirley v. American Automobile Ins. Co.*, 163 Wash. 136, 300 Pac. 155; and *Graves v. Mickel*, 176 Wash. 329, 29 P. (2d) 405.

█ In defendant's second assignment of error, he complains that the trial court's instruction No. 6 should not have been given, but he does not set out the instruction in its entirety in his brief. This court, therefore, will not consider the assignment. Rule on Appeal 42 (f), 34A Wn. (2d) 44.

Defendant's third assignment of error relates to the refusal of the trial court to give a requested instruction, as follows:

"You are instructed that on November 16, 1950, the law of Washington limited the speed of a car to 20 miles per hour while within any marked school zone.

"You are further instructed that the place of said accident was at said time within a marked school zone extending 300 feet each way from the marked school crossing thereon and that driving at a greater speed than 20 miles per hour at said time and place was unlawful and constituted negligence."

The statute governing at the time of the accident in 1950 is Rem. Supp. 1949, § 6360-64, which reads:

"(2) Subject to the provisions of subsection (1) of this section and except in those instances where a lower maximum lawful speed is provided by this act or otherwise, it shall be unlawful for the operator of any vehicle to operate the same at a speed in excess of the following: . . .

"(i) Twenty (20) miles per hour when operating any vehicle upon a public highway of this state outside incorporated cities and towns when passing any schoolhouse on school days, or school or public playground between the hours of 8:00 A. M. and 5:00 P. M., or when crossing any marked school crossing during such hours or while within any marked school zone, such zone to extend three hundred (300) feet in either direction from any marked school crossing; . . ."

█ The defendant makes an ingenious argument about the desirability of the speed of twenty miles in the instant case, but we think the legislature used no language that supports his contention, and accordingly, we hold that, since the accident occurred outside of the hours prescribed by the statute, the trial court properly refused the instruction.

294

Defendant's fourth assignment of error relates to instruction No. 12 given by the trial court. However, he does not set out the instruction in its entirety in the brief, and, accordingly, the assignment will not be considered by us.

Defendant's assignments of error Nos. 5, 6, and 7, are formal in nature and challenge the sufficiency of the evidence to support the verdict. Our examination of the record satisfies us that the record supports the judgment.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.