321 P.2d 1115

Nannie Eula BERKSTRESSER, Administratrix of the Estate of Reata Lu Berkstresser, deceased, Plaintiff,

v.

Lee B. VOIGHT and Claude M. Garrett, also known as Claude M. McGonigal, Defendants,

Clenton C. CROUCH, Administrator of the Estate of Clarene Lewellen, deceased, Plaintiff.

v.

Lee B. VOIGHT and Claude M. Garrett, also known as Claude M. McGonigal, Defendants.

Joyce Elanie BURNETT, Administratrix of the Estate of Urban Jack Burnett, deceased, Plaintiff,

v.

Lee B. VOIGHT and Claude M. Garrett, also known as Claude M. McGonigal, Defendants.

No. 6248.

Supreme Court of New Mexico.

Jan. 27, 1958.

Rehearing Denied March 4, 1958.

James L. Dow, Carlsbad, William M. Siegenthaler, Artesia, C. R. Brice, Roswell, for appellants.

Neal, Neumann & Neal, Carlsbad, for appellee Voight.

Atwood & Malone, Charles F. Malone, Russell D. Mann, Roswell, for appellee Garrett.

PER CURIAM.

472

Upon consideration of motion for rehearing, the original opinion is withdrawn and the following substituted therefor.

COMPTON, Justice.

These are wrongful death actions instituted by the personal representatives of the decedents, Reata Lu Berkstresser, Clarene Lewellen and Urban Jack Burnett, whose deaths resulted from a collision of automobiles driven by appellees. The causes were consolidated for trial.

At the time of the collision, appellants' intestates were riding in the automobile driven by Voight. His heedless conduct in the operation of his automobile, concurring with the negligence of Garrett, is alleged as the proximate cause of the collision and resulting deaths. Voight entered a general denial, and further, interposed the Guest Statute, § 64–24–1, 1953 Comp., as an affirmative defense. He further alleged that the negligence of Garrett was the sole proximate cause of the collision. Garrett also entered a general denial and further alleged joint enterprise and the contributory negligence of Voight as affirmative defenses. He also cross-claimed against Voight for damages to his automobile. On the issues thus framed, the causes were tried to a jury and its verdicts were for appellees; the jury found for Voight on Garrett's cross-complaint. Judgments were entered accordingly, and appellants seek a review of alleged errors.

At the outset we must dispose of a jurisdictional question. The proposition advanced is that since the cases were not consolidated for hearing here, the only judgment for review is the one entered in the action by Nannie Eula Berkstresser. We note that references to consolidation in the record are meager indeed. The parties did not so stipulate. Apparently the cases went to trial without an order of consolidation. The first reference to consolidation is an objection by one of the attorneys for appellee Garrett, as follows: "Comes the defendant Claude M. Garrett in the three consolidated cases and objects to the court's ruling of allowing only five peremptory challenges." The next reference appears in the instructions where the court stated the three cases were consolidated for trial. The judgments, prepared by appellees' counsel, recite that the cases were tried pursuant to the order of consolidation. Appellants' motion for a new trial filed in the Berkstresser case carried the three case numbers and the style of each case. The order denying the motion followed the same pattern as to number and style. The motion for and the order granting the appeal, likewise, carried the style and number in each case. Finally, the order setting the bill of exceptions was so styled and numbered.

The claimed lack of jurisdiction cannot be sustained. Such treatment of the cases by the court and respective counsel is sufficient to establish consolidation of the cases

for all purposes. Blanchard v. State ex rel. Wallace, 29 N.M. 584, 224 P. 1047, 1049; Palmer v. Town of Farmington, 25 N.M. 145, 179 P. 227.

■ We now turn to a consideration of the appeal on the merits. When appellants rested, appellees, over objection of appellants, were granted trial amendments to include additional affirmative defenses of assumption of risk and contributory negligence; however, the amendments were never actually made. Later, the defenses of contributory negligence were voluntarily abandoned by both appellees. The ruling of the court in permitting the amendments is assigned as error. We do not think the court erred in permitting Voight to amend so as to assert both affirmative defenses; nor did the court err in permitting Garrett to amend his answer to include the defense of contributory negligence as these issues were raised by appellants themselves. It is well established that where issues are tried by express or implied consent of the parties, they will be treated as if they had been raised in the pleadings. That the amendments were not actually made, is unimportant. Luvaul v. Holmes, 63 N.M. 193, 315 P.2d 837. See also Rule 15(b) our Rules of Civil Procedure.

■ But there is serious error in the record. The defense of assumption of risk was not available to Garrett; the doctrine applies only to drivers of vehicles in which guests are riding. Smith v. Harris, 41 Wash.2d 291, 248 P.2d 551. Therefore, the judgment for Garrett must be reversed. As to Voight, the rule is different; the doctrine was available to him. If appellants' intestates knew, or if the facts were such as to reasonably charge them with notice that danger existed in riding with him, and they voluntarily assumed it, assumption of the risk by them is a bar to recovery. We summarize the material evidence favorable to the verdict as to Voight.

Reata Lu Berkstresser and Urban Jack Burnett had ridden with Voight to State Line Bar in Texas, some 35 miles south of Carlsbad. Marie Davis also accompanied them on the trip to the bar. Before they left Carlsbad, Reata Lu inquired of Voight if he would like a can of beer. Voight replied "no, I think I have had one too many already"; nevertheless, they shared a can of beer. This testimony was given by a sister of Reata Lu. Reata Lu also took 3 cans of beer to the car as they were leaving Carlsbad. It was a wild ride that followed. Marie Davis testified that Voight drove very recklessly. That after leaving Loving, at times he drove 90 miles per hour; that he did not reduce the speed going through the Village of Malaga; that he overtook and passed a car on a bridge, driving so close that it frightened some of the passengers; that on approaching curves he drove so fast that it seemed the wheels would leave the pavement; and that he

drove off the pavement several times. Marie Davis was so concerned about the driving that she did not return with Voight and advised her daughter not to do so. She advised Voight that he was driving too fast; his guests, however, made no objection to the manner of his driving. Clarene Lewellen had come to the bar with others, arriving about 6:00 P.M., but joined the Voight party on their return trip to Carlsbad. Garrett arrived at the bar around 7:00 P.M. where all parties remained until around 11:00 P.M., during which time they engaged in dancing, and Voight consumed 2 or 3 cans of beer. Voight and Garrett left the bar about the same time, Voight leaving first. Shortly thereafter, Garrett, traveling alone, overtook and passed the Voight automobile at an excessive speed and Voight then decided to overtake and pass him. He overtook Garrett 3.6 miles north of the bar just as they were approaching the crest of a hill. As Voight was about to pass him, Garrett suddenly turned his automobile to the left into Voight's lane of traffic, and the collision followed. At the time, Garrett was traveling at a speed of 75 miles per hour, and Voight admits he was traveling 85 miles per hour. The right front fender of the Voight automobile collided with the left rear fender of the Garrett automobile, causing Voight's automobile to roll over 4 times, and as a result, Voight's passengers were thrown from the automobile onto the pavement and killed.

■ The doctrine found in the Guest Statute is based solely on the voluntary exposure to danger. It could hardly be expected that the passengers would jump from the fast moving Voight car after leaving the bar; nevertheless, the jury was entitled to consider what had gone on before in determining whether they knew, or should have known, of the risk they were taking and voluntarily assumed it. The facts were for the jury, and the evidence, we think, is sufficient to sustain the verdict as to Voight.

Appellants assign as error the refusal of the court to instruct the jury that a guest must have a reasonable opportunity to escape danger after apprehending it. Tendered instructions 17 and 18, which were refused, so advised the jury. This claim of error has no merit. We have considered the tendered instructions and find that they are fully covered by the instructions given.

■ We have previously held that the Guest Statute is not available to Garrett as a defense. But, Garrett notwithstanding now claims that the doctrine of assumption of risk is the "law of the case" because appellants failed to object to instructions submitting that issue to the jury. We have held numerous times that to preserve a question for review a litigant must invoke a ruling thereon. Smith v. Meadows, 56 N. M. 242, 242 P.2d 1006; Lovell v. City of Las Cruces, 54 N.M. 358, 225 P.2d 143;.

State v. Trujillo, 54 N.M. 307, 224 P.2d 151. The reason for the rule is manifest; the court must have an opportunity to correct its mistake, if any. The matter of Garrett's affirmative defense of assumption of risk had been brought squarely to the attention of the court previously. When Garrett moved for the trial amendment, to include this defense, it was strongly opposed by appellant. This was sufficient to alert the mind of the court. See State v. Reed, 62 N.M. 147, 306 P.2d 640.

The giving of instruction number 22 is assigned as error. The instruction reads:

"22. You are instructed that if you find from the evidence that the defendant Voight was driving his car northward on the highway at the scene of the accident, at a high speed, and suddenly came upon a car ahead of him on the highway traveling in the same direction, and in endeavoring to avoid hitting the car, turned the wheel thereof and lost control of the car, resulting in the accident and deaths of the deceased persons, and the accident was caused solely thereby, you will find for the defendant Voight, and against the plaintiffs, as such conduct would not be sufficient at law to constitute heedless and reckless disregard of the rights of others necessary to justify a verdict in favor of a guest, against the driver of a car in which the guest is riding."

Appellants say the instruction, standing alone, is incomplete and they tendered an additional instruction, which was refused by the court. The tendered instruction reads:

"On the other hand, if you do find that the defendant Voight at the time and place of the accident was proceeding at a high speed and suddenly came upon a car ahead of him, these facts may be considered by you in determining whether the said defendant Voight was guilty of heedless and reckless disregard of rights of others and whether the heedless and reckless disregard of rights of others was the proximate cause of the accident. And in the event you so find, you will return your verdict for the plaintiffs and against the defendant Voight."

The court did not err in refusing the tender. Clearly, the whole law of the case could not be stated in a single instruction. The instruction given covers Voight's theory of the case. Elsewhere in the instructions, the court fully applied the law applicable to appellant's position.

■ The trial court instructed the jury as to the specific acts of negligence relied on by appellant as constituting negligence on the part of Garrett; however, appellants say the instruction is incomplete. They contend that the instruction should have included the "act of drinking intoxicating liquor" by Garrett, but which did not find its way into a pre-trial order. In this re-

gard, appellant seems to have made no attempt to clarify the record, if it were not correct. It is the duty of a litigant, if he desires a review of the ruling of the court, to see that the record presented is properly prepared and completed. Otherwise, the correctness of the ruling cannot be questioned. Hence, the pre-trial order properly limited the issues for trial to those not disposed of by admissions or stipulation of counsel. Rule 16, Rules of Civil Procedure; Heirich v. Howe, 50 N.M. 90, 171 P.2d 312; Martinez v. Martinez, 49 N.M. 83, 157 P.2d 484.

The judgment will be affirmed in part and in part reversed. It will be affirmed as to appellee Voight and reversed as to appellee Garrett, with directions to the lower court to proceed in a manner not inconsistent herewith. Cost to be borne one half by Garrett, the remaining one half by appellants.

It is so ordered.

LUJAN, C. J., and SADLER, and McGHEE, JJ., concur.

CARMODY, District Judge (dissenting in part and concurring in part).

I dissent in the opinion of the majority as announced by Justice COMPTON insofar as it disposes of causes numbered 6311 and 6312.

I concur in the opinion insofar as the determination that the defense of assumption of risk was not available to the defendant Garrett and, for this reason, I join in the reversal of the case insofar as this defendant is concerned. However, it would appear to me that the reversal in part and affirmance in part of the case could very possibly work a serious injustice as to the defendant Garrett, perhaps making him responsible for the damage which was undoubtedly concurred in by the negligence of the defendant Voight.

I believe that, considering the instructions as a whole and not knowing upon what theory the jury returned its verdicts in favor of the defendants, inasmuch as there is error as to one, the case should be reversed as to both and retried with both defendants present, but eliminating the error on retrial of assumption of risk insofar as the defendant Garrett is concerned.

For the reasons above given therefor, I am unable to concur in the entire opinion.