336 P.2d 324

**Roger SANDERS, Plaintiff-Appellee,**

**v.**

**ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, C. E. Harper, O. K. Merritt, H. A. Wingfield and J. W. Gunn, Defendants-Appellants, The Travelers Insurance Company, Plaintiff In Intervention-Appellee.**

**No. 6459.**

Supreme Court of New Mexico.

March 2, 1959.

B. G. Johnson, R. G. Cooper, Albuquerque, for appellants.

McAtee, Toulouse & Marchiondo, B. J. Stephens, Albuquerque, for defendants-appellees.

Rodey, Dickason, Sloan, Akin & Robb, Jackson G. Akin, Albuquerque, for plaintiff-in-intervention-appellee.

CARMODY, Justice.

This is a civil action for personal injuries brought against the railroad and the members of a train crew, with the Travelers Insurance Company, plaintiff in intervention, seeking the amount it had heretofore paid the plaintiff by way of workmen's compensation. It should be noted that this is

not an action under the Federal Employees Liability Act, 45 U.S.C.A. § 51 et seq.

Appellee Sanders and the insurance company recovered judgment in the amount of $25,000 and $800.02, respectively, after a lengthy jury trial, following which the appellants have appealed to this court on the principal contention that the negligent act of the defendants was not the proximate cause of appellee's injury.

The facts, briefly, are that appellee was an employee of the Anaconda Company, working as a laborer, and at the time of the complained injury helping to unload chemical sacks from a railroad car on an Anaconda spur near Bluewater, New Mexico. At the trial, one of the basic points of divergence was whether or not the defendant railroad through its crew had negligently "bumped" the car in which the appellee was working. The jury, by its verdict in favor of the appellee, obviously found this issue in his favor. However, the precise point on this appeal is whether or not the "bumping" was the proximate cause of the injury complained of, namely, a herniated disc, sometimes referred to as a ruptured intervertebral disc.

In support of their contention, the appellants rely on the fact that the plaintiff failed to immediately complain or report any injury, certain inconsistencies in the evidence and the possibility, according to medical testimony, that the injury could have resulted from other causes. Sanders, at the time of the occurrence, was thirty-one years old, and had been for several days picking up sacks of chemicals in the railroad car, placing them on a cart, which was in turn wheeled to a truck outside the door of the freight car. The inconsistencies complained of relate to discrepancies between Sanders' testimony and prior statements made by him to physicians. At the trial, he stated that he was in the process of lifting a sack and had it raised a foot and a half or two feet when all of a sudden there was "just a bang." He did not believe it knocked him down and he did not know what he did with the sack. However, he went outside and saw the engine latched onto the cars. He did not feel any pain at the time, but the next day the pain commenced and within a few days thereafter he went to a doctor of the Anaconda Company, complaining as to his back.

Appellants contend it is inconsistent with this testimony that when appellee went to the Anaconda doctor complaining of his hurt back, he told the doctor that he had felt a pain "when he was lifting a sack." According to the doctor, Sanders did not tell him anything about a car "bumping" the freight car in which he was working. Another claimed inconsistency is that, according to another doctor, about eight months later appellee told him he was pushing a hand-truck while he was helping to unload a box car and that a switch engine "bumped" into the box car.

Above are, briefly, the inconsistencies upon which appellants rely, coupled with the contention that, according to at least one of the medical experts, the injury to the back could have been caused as claimed by appellee or by lifting the sacks or even coughing, sneezing, or other relatively minor activity.

To the contrary and consistent with appellee's testimony is the testimony of three of his co-workers as to the "bumping" and appellee's complaint of back pain three days later, and appellee's statement to a doctor who examined him for the insurance company which is generally in accordance with appellee's testimony as given at the trial.

We thus have a situation where the appellee claims, and his evidence generally corroborates, his version of how the injury occurred, whereas on the contrary we have the appellants' contention that it "might" have happened through some other cause.

■■■ Appellants strongly argue that the trial court should have taken the case from the consideration of the jury under the rule that where the evidence shows that an injury may have resulted from one of two or more causes, but only one of which could be attributed to the appellants, that the appellee has failed in the burden of proof. This is a general rule of law. However, the same has been qualified to a considerable extent by practically every court which has passed upon the question. The general tenor of the qualification is to the effect that the application of the rule does not place upon the person injured the burden of excluding every possible cause of the accident for which the defendant would not be liable. The person injured is not required to prove the negligence and proximate cause beyond a reasonable doubt. Stated another way, the burden rests upon the plaintiff to introduce evidence to remove the cause from the realm of speculation and to give it a solid foundation upon facts. All that is required is that the circumstances as shown by the evidence should be sufficiently strong that a jury might properly, on the grounds of probability as distinguished from certainty, exclude the inference favorable to the defendant. McKittrick v. Dugan Bros. of New Jersey, Inc., 1938, 119 N.J.L. 605, 197 A. 905; Ideal Food Products Co. v. Rupe, 1953, 76 Ariz. 175, 261 P.2d 992; Driekosen v. Black, Sivalls & Bryson, Inc., 1954, 158 Neb. 531, 64 N.W.2d 88; Comeau v. Beck, 1946, 319 Mass. 17, 64 N.E.2d 436; Eagles v. National Plate & Window Glass Co., Inc., 1942, 312 Mass. 52, 45 N.E.2d 402; Mastro v. Kennedy, 1943, 57 Cal.App.2d 499, 134 P.2d 865; Cannon v. Louisville & N. R. Co., 1949, 252 Ala. 571, 42 So.2d 340; Lang v. Puget Sound Navigation Co., 1937, 189 Wash. 353, 65 P.2d 1069. As stated in Dunham v. Village of Canisteo, 303 N.Y. 498, 104 N.E.2d 872, 877:

"We stated the applicable rule in Cornbrooks v. Terminal Barber Shops,

282 N.Y. 217, 223, 26 N.E.2d 25, 27, Lewis, J.: 'It is not enough that the defendant, in an effort to break the chain of causation, should prove that plaintiff's injury *might* have resulted from other possible causes, nor is it required of the plaintiff that he eliminate by his proof all other possible causes. "The existence of remote possibilities that factors other than the negligence of the defendant may have caused the accident does not require a holding that plaintiff has failed to make out a *prima facie* case. It is enough that he shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." Ingersoll v. Liberty Bank of Buffalo, 278 N.Y. 1, 7, 14 N.E. 2d 828, 830.' (Emphasis in original.)"

■ There is no question but that the appellee in this case was doing relatively heavy lifting work, picking up sacks weighing from 80 to 100 pounds, and, under the testimony of one of the doctors, this could have been the cause of his difficulty. However, this was in the nature of speculation as distinguished from absolute proof, and we feel that upon this question reasonable men might differ and that it was therefore a question for the jury to determine from the evidence or want of it what was the proximate cause of appellee's injury.

We feel that the present factual situation is quite distinguishable from the facts in Campbell v. Schwers-Campbell, 1955, 59 N.M. 385, 285 P.2d 497, and Stambaugh v. Hayes, 1940, 44 N.M. 443, 103 P.2d 640, upon which appellants rely, for the reason that here the evidence is not equally consistent with two hypotheses, whereas in the above cited cases this was not true.

The evidence, when viewed in the light most favorable to the appellee, as it must be on this appeal, was sufficiently substantial so as to support a verdict and not be based upon guess, conjecture or speculation. Although it is a relatively close question, we feel it would have been error for the trial court to withdraw the case from the consideration of the jury, and it follows, therefore, that we find this contention on the part of the appellants without merit.

■ Appellants' second point relied upon for reversal relates to the giving of an instruction by the trial court as to the duty of the engineer of the train and instructing the jury to the effect that if it found that the engineer failed to do certain things, this was negligence, and, if the same was the proximate cause of the injury, the plaintiff should be entitled to recover. Appellants contend that this instruction, although applicable to the main defendant (the railroad company) and to the engineer himself, was prejudicial in that it charged the other members of the train crew with the negli-

gence of the engineer. This precise contention was not made by the appellants when they objected to the court's instructions, and appellants seek to have the court here correct the same as being fundamental error.

The case was tried throughout by the appellants on the theory that they were in no way responsible for the appellee's injury. No instruction was tendered by the appellants, or any of them, seeking to invoke a ruling of the court as to non-responsibility of any of the individuals. The objection now made by appellants to the claimed vice in the instruction as given was in nowise brought to the attention of the trial court, either by objection or the tender of a clarifying instruction. In any event, the instruction as given was in no respect prejudicial to the principal defendant (the railroad company) or to the engineer. To allow appellants to take advantage of this error under these circumstances would be contrary to our prior rulings, and we therefore find the claim of error not well taken. See Smith v. Meadows, 1952, 56 N.M. 242, 242 P.2d 1006; Lovell v. City of Las Cruces, 1950, 54 N.M. 358, 225 P.2d 143; Berkstresser v. Voight, 1958, 63 N.M. 470, 321 P.2d 1115.

For the reasons above stated, said cause will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.